■ In the Matter of the Claim of FREDERICK G. KUEHL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner reducing claimant's benefit rate to zero pursuant to section 600 of the Labor Law. Claimant, vice-president and general manager of International Talc Company, was entitled to receive pension benefits under a plan funded entirely by his employer. Upon the sale of the corporation in May of 1974, claimant continued his employment with the St. Lawrence Liquidating Company which was formed at that time to dispose of the remaining Talc assets not made a part of that sale. Claimant's services were terminated on April 18, 1975 for lack of work and shortly thereafter St. Lawrence was dissolved. In May of 1975 claimant began receiving monthly pension benefits, which by application of section 600 of the Labor Law the board has used to reduce the amount of his unemployment insurance benefits. Substantial evidence supports the finding of the board that claimant is receiving a pension totally funded by the employer. Claimant's unemployment insurance benefit rate was therefore properly reduced from $95 to zero pursuant to section 600 of the Labor Law. We find no merit in claimant's contention that since the employer which is providing the pension was legally dissolved, that employer is not charged for claimant's unemployment insurance benefits, and, therefore, claimant's benefit rate should not be reduced. Decision affirmed, without costs. Main, Larkin and Herlihy, JJ., concur; Greenblott, J. P., and Kane, J., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Application of section 600 of the Labor Law is expressly restricted to situations in which a claimant's unemployment insurance benefits will be charged to the account of the employer who provided the pension or retirement benefit (Labor Law, § 600, subd 2). This concept is further reinforced by another provision which specifies that even when some reduction is indicated, unemployment insurance benefits chargeable to the accounts of other employers remain payable to a claimant (Labor Law, § 600, subd 4). Accurate identification of the employer who will be charged with a claimant's unemployment insurance benefits thus becomes a threshold issue which must be resolved before it can be determined whether any reduction thereof will occur by reason of the receipt of pension or retirement benefits. Consequently, the majority opinion must necessarily be premised on the assumption that the funding International Talc Company is the employer chargeable with claimant's unemployment insurance benefits. The board, however, has made no such finding and we submit that the instant record is

wholly inadequate for us to undertake review of that issue. Although it was concluded in *Matter of Swaybill (Catherwood)* (35 AD2d 752) that the mere purchase of a funding employer's stock by another entity would not affect the chargeability of its account for unemployment insurance purposes, the record here does not reveal what became of the International Talc Company when the majority of its assets were purchased by another. Furthermore, it appears that claimant's last employer, normally the one first charged (Labor Law, § 581, subd 1, par [e]), was the St. Lawrence Liquidating Company and it is not presently known whether it contributed anything to claimant's pension or retirement program during the brief period he was engaged by it. Accordingly, we do not believe that the chargeable employer can be readily identified with any degree of certainty under these circumstances and a remand is plainly indicated for the board to explore the relationships among the International Talc Company, the purchaser, and the St. Lawrence Liquidating Company in such a fashion that it can make a proper determination of this issue. We vote to reverse.